CANDICE L. FIELDS - SBN 172174
CANDICE FIELDS LAW
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Telephone: (916) 414-8050
Facsimile: (916) 414-8050

Attorneys for Defendant
Reggie Pajimola

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA SIMS et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:18-CR-00010-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: December 13, 2018<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

1.　This stipulation concerns one of thirteen indicted related cases, which all arise out of a common investigation.

2.　By previous order, this matter was set for status on December 13, 2018.

3.　By this stipulation, the Government and counsel for the defendants in the above-captioned case now move to continue the status conference to February 21, 2019.

4.　The parties also seek to exclude time between December 13, 2018, and February 21, 2019 under Local Codes T2 and T4.

5.　The parties agree and stipulate, and request that the Court find the following:

　　a)　As of this stipulation, the Government has produced more than 400 pages of written discovery to the defendants as a group, as well as 45 DVDs containing audio and visual surveillance recordings. (Each defendant has also received a copy of his or her criminal history, if one exists, and a small amount of additional written discovery has been produced to a subset of

1   defendants.)  Going forward, the Government anticipates producing hundreds of additional pages of discovery, which will include wiretap-related documents pursuant to the Court's April 12, 2018 protective order, and additional DVDs containing wiretap data and additional surveillance evidence.

b) At this time, the Government understands that the previously appointed discovery-coordination attorney (the "DCA") is processing the discovery that the Government has produced (as noted in the foregoing paragraph) and making it available to defense counsel.

c) At this time, Counsel for the above-captioned defendants desire additional time to review the discovery now being distributed by the DCA. This review will enable counsel to begin reviewing the charges against their respective clients, conduct ancillary research, and consult with their respective clients on how to proceed in their cases. (In addition, attorney Daniel Olsen, counsel for defendant James Masterson, recently substituted into the case on November 13, 2018, and needs additional time to conduct his initial review of the discovery produced to-date.)

d) Counsel for the defendants believe that failure to grant the above-requested continuances would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuances.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) Further, given that the discovery in this case arises from a single investigation and is being produced to twenty-seven defendants in thirteen cases, the Court has previously designated the matter as "complex" for the purpose of providing an exclusion of time under Local Code T2. The parties submit that the foregoing stipulation provides a continued basis for such an exclusion.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trials must commence, the time periods of December 13, 2018 to February

21, 2019, inclusive, are deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because they result from continuances granted by the Court at the defendants' requests on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in speedy trials.

    i)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trials must commence, the time periods of December 13, 2018 to February 21, 2019, inclusive, are deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (ii) because they result from continuances granted by the Court at defendants' requests on the basis of the Court's finding that the matters are sufficiently complex that it would be unreasonable to expect adequate preparation absent the exclusions of time.

6.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the periods within which trials must commence.

IT IS SO STIPULATED.

Dated: December 7, 2018

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN LEE
JUSTIN LEE
Assistant United States Attorney

Dated: December 7, 2018

/s/ TODD D. LERAS
TODD D. LERAS
Counsel for Defendant Edgar Jimenez

Dated: December 7, 2018

/s/ DANIEL L. OLSEN
DANIEL L. OLSEN
Counsel for Defendant James Masterson

/ / /

Dated: December 7, 2018  /s/ CANDICE L. FIELDS
CANDICE L. FIELDS
Counsel for Defendant Reggie Pajimola

Dated: December 7, 2018  /s/ KYLE R. KNAPP
KYLE R. KNAPP
Counsel for Defendant Joshua Sims

## [PROPOSED] FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 7th day of December 2018.

Troy L. Nunley
United States District Judge