KYLE R. KNAPP - SBN 166597
Attorney at Law
916 2nd Street, 2nd Floor
Sacramento, CA 95814
Telephone: (916) 441-4717
Facsimile: (916) 4441-4299

Attorneys for Defendant
Joshua Sims

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA SIMS et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 2:18-CR-010-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: June 6, 2019<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

1. This stipulation concerns one of thirteen indicted related cases, which all arise out of a common investigation.

2. By previous order, this matter was set for status on June 6, 2019.

3. By this stipulation, the Government and counsel for the defendants in the above-captioned case now move to continue the status conference to August 29, 2019, at 9:30 a.m.

4. The parties also seek to exclude time between June 6, 2019, and August 29, 2019 under Local Codes T2 and T4.

5. The parties agree and stipulate, and request that the Court find the following:

a)　As of this stipulation, the Government has produced more than 10,000 pages of written discovery to the defendants as a group, as well as 45 DVDs containing audio and visual surveillance recordings. (Each defendant has also received a copy of his or her criminal history, if one exists, and a small amount of additional written discovery has been produced to a subset of defendants.).

b) In addition, on or around February 8, 2019, the previously court-appointed discovery-coordination attorney (the "DCA") made wiretap discovery available to defense counsel.

c) Counsel for the above-captioned defendants again desire additional time to review the volume of discovery received in this matter. This review will enable counsel to scrupulously evaluate the evidence against their respective clients, conduct ancillary research, and consult with their respective clients on how to proceed in their cases.

d) Counsel for the defendants believe that failure to grant the above-requested continuances would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuances.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) Further, given that the discovery in this case arises from a single investigation and is being produced to twenty-seven defendants in thirteen cases, the Court has previously designated the matter as "complex" for the purpose of providing an exclusion of time under Local Code T2. The parties submit that the foregoing stipulation provides a continued basis for such an exclusion.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trials must commence, the time periods of June 6, 2019 to August 29, 2019, inclusive, are deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because they result from continuances granted by the Court at the defendants' requests on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in speedy trials.

i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trials must commence, the time periods of June 6, 2019, to August 29, 2019, inclusive, are deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (ii) because they result from continuances granted by the Court at defendants' requests on the basis of the Court's finding that the matters are sufficiently complex that it would be unreasonable to expect adequate preparation absent the exclusions

of time.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the periods within which trials must commence.

IT IS SO STIPULATED.

| Dated: June 3, 2019 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ JUSTIN LEE<br>JUSTIN LEE<br>Assistant United States Attorney |
| Dated: June 3, 2019 | /s/ DANIEL L. OLSEN<br>DANIEL L. OLSEN<br>Counsel for Defendant James Masterson |
| Dated: June 3, 2019 | /s/ CANDICE L. FIELDS<br>CANDICE L. FIELDS<br>Counsel for Defendant Reggie Pajimola |
| Dated: June 3, 2019 | /s/ KYLE R. KNAPP<br>KYLE R. KNAPP<br>Counsel for Defendant Joshua Sims |

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 4th day of June 2019.

Troy L. Nunley
United States District Judge